## B. LeGIERSE & CO., vs. ELLEN MOORE et. al.

SUPREME COURT, AUSTIN TERM, 1883.

*Community Property—Evidence.*—When the only witness testifying on the point unqualifiedly states that property was paid for with separate funds of the wife, it establishes a *prima facie* case for her upon which, if not destroyed by other evidence, she was entitled to a finding in her favor.

*Schedule—Failure to Record does not invalidate wife's rights.*—The wife's failure to file and record a schedule of her separate property will not have the effect of making her separate property liable to seizure and sale for the debt of her husband.

Appeal from Taylor County.

*C. I. Evans* for appellants.

*Spoonts & Legett, Field & Kirkland* for appellees.

Opinion by Stayton, J.

The finding of the court that the 768 head of sheep levied upon were the separate property of Mrs. Moore is sustained by the evidence. The only witness who testified upon this point stated unqualifiedly that they were paid for with money received by her upon a policy of insurance upon the life of her deceased brother which was made payable to her.

If the appellants desired to controvert this proof, by proof that the particular sheep in question were not identified and paid for with the separate means of the wife, but were a part of a larger flock, all of which was paid for by community funds as well as her separate means, and that therefore the community had an interest in each particular sheep in the larger flock, that fact should have been shown by a cross examination of the husband who was the only witness in reference to the purchase and payment; or it should have been shown in some other manner. It would then become necessary to determine the right of the wife under such a state of facts.

The evidence made a *prima facie* case for Mrs. Moore upon which if not destroyed by other evidence she was entitled to a finding in her favor.

It is claimed that if in fact, the sheep were her separate property, her failure to file and have recorded a schedule of her separate property, prior to the levy of the appellants execution, makes the property subject to execution, in the absence of notice to the appellants prior to their levy, of her separate right.

We are of the opinion that this view cannot be maintained. It is true that the statute does provide that a married woman shall file and have recorded a schedule of her separate property acquired after marriage, and that it declares that such registration shall be conclusive as against all subsequent creditors of and purchasers from her husband. R. S. 4340—4349.

The statute however does not provide that the wife's failure to make such registration, will invalidate her right, or have the effect of making her separate estate liable to seizure and sale by a creditor for the debt of her husband. Edrington vs. Mayfield 5 Tex. 367.

The statute provides that when a woman by marriage contract reserves to herself any property, such contract to be valid as to subsequent purchasers or creditors from the husband, must be registered. R. S. 4343.

The statute also provides that all bargains, sales and other conveyances whatever of any lands, tenements and hereditaments, whether they be made for passing any estate, freehold or inheritance or for a term of years, and deeds of settlement upon marriage, whether land, money or other personal thing, and all deeds of trust and mortgages, whatever, which shall hereafter be made and executed, shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless they shall be acknowledged or proved and filed with the clerk to be recorded as required by law.

If the legislature had intended to attach the same consequences to the failure of the wife to register a schedule of separate property acquired by her after marriage or owned by her prior to marriage otherwise than through a marriage contract, it could easily have said so.

Not having so declared and considering the relation between the husband and wife, subordination of the wife to the husband, we are of the opinion that the legislature never intended to attach such consequences to failure of the wife to register a schedule of her separate property. Parks vs. Wellard 1 Tex. 352. Edrington vs. Mayfield 5 Tex. 365.

There being no error in the judgment it is affirmed.